# EXHIBIT A

PATTI GOLDMAN (DCB #398565)
KRISTEN L. BOYLES (WSB #23806)
AMANDA W. GOODIN (WSB #41312)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax
pgoldman@earthjustice.org
kboyles@earthjustice.org
agoodin@earthjustice.org

*Attorneys for Defendant-Intervenors*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, CARPENTERS INDUSTRIAL COUNCIL, and DOUGLAS COUNTY, OREGON,<br><br>Plaintiffs,<br><br>vs.<br><br>DANIEL M. ASHE, Director, U.S. Fish and Wildlife Service, and KEN SALAZAR, Secretary of Interior,<br><br>Defendants,<br><br>and<br><br>AUDUBON SOCIETY OF PORTLAND, SEATTLE AUDUBON SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, OREGON WILD, CONSERVATION NORTHWEST, ENVIRONMENTAL PROTECTION INFORMATION CENTER, and SIERRA CLUB,<br><br>Defendant-Intervenors. | Case No.  12-111-JDB |

**DEFENDANT-INTERVENORS' SURREPLY
IN OPPOSITION TO CONSENT DECREE**

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE

INTRODUCTION

Defendant-intervenor Audubon *et al.* submits this surreply to address the new arguments raised in the reply briefs in support of joint motion for entry of consent decree by plaintiffs American Forest Resource Council ("AFRC") and federal defendants U.S. Fish and Wildlife Service *et al.* ("FWS").  This surreply addresses two issues: (1) the Court's lack of jurisdiction to review and approve the proposed consent decree; and (2) the attempted use of a consent decree to avoid requirements of other federal laws.

ARGUMENT

I.     THIS COURT DOES NOT HAVE JURISDICTION TO APPROVE THE PROFFERED CONSENT DECREE.

It is well-established that federal courts are courts of limited jurisdiction and lack the power to act where jurisdiction is absent.  *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994); *see also* Audubon Opp. at 3-4.  Because the six-year statute of limitations to challenge the 1996 murrelet critical habitat rule has long since run and FWS has not reopened that rule, the Court lacks jurisdiction over this dispute and may not enter the proposed consent decree.  *See* Audubon Opp. at 3-9.

In reply, FWS contends that the Court has jurisdiction to enter a consent decree that vacates a longstanding and validly promulgated rule so long as the parties offer "minimally believable allegations of jurisdiction."  FWS Reply at 3.  This stunning statement finds no support in the case law cited by FWS; to the contrary, courts have repeatedly held that they lack jurisdiction to enter a consent decree where they lack jurisdiction over the underlying dispute.

For its part, AFRC appears to concede that the Court must actually have jurisdiction over the underlying dispute to enter a consent decree, *see* AFRC Reply at 7-8, and instead contends that there is "no doubt" that the Court has jurisdiction over at least some of its claims, *see id.*

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 1 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

at 7.  AFRC's attempt to repackage its challenge to substantive rules adopted in 1996 does not

survive scrutiny.  This Court should decline FWS's and AFRC's invitation to act beyond the

bounds of the authority conferred by Congress.  Because the statute of limitations has run on

AFRC's claims, this Court may not enter the proposed consent decree. [1]

    A.    <u>The Court Must First Confirm That It Has Subject Matter Jurisdiction.</u>

It is settled law that courts may not enter consent decrees if they lack subject matter

jurisdiction over the underlying dispute.  *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO

v. City of Cleveland,* 478 U.S. 501, 525 (1986) (for a court to have authority to approve a consent

decree, it "must spring from and serve to resolve a dispute <u>within the court's subject-matter

jurisdiction</u>") (emphasis added); *see also Brown v. Philadelphia Housing Auth.*, 350 F.3d 338

(3d Cir. 2003) (vacating consent decree because court no longer had jurisdiction over the

underlying appeal); *Bragg v. West Virginia Coal Ass'n,* 248 F.3d 275, 299 (4th Cir. 2001)

("Even though [the parties] voluntarily entered into the settlement agreement and submitted it to

the district court for approval by a consent decree, the district court's power to enter the decree

depended on its having subject matter jurisdiction over the case."); *WildEarth Guardians v.

Jackson*, 2011 WL 4485964, at *6 n.7 (D. Colo. Sept. 27, 2011) ("although a court may enter a

consent decree that provides for greater relief than the court could award after a trial, it cannot

---

[1] AFRC argues that even if the statute of limitations on its claims has run, the statute of limitations in 28 U.S.C. § 2401(a) is not jurisdictional, but rather is an affirmative defense that FWS may waive.  *See* AFRC Reply at 9-12.  It is true that courts in <u>other</u> circuits have held that 28 U.S.C. § 2401(a) is not jurisdictional, *see, e.g., Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 770 (9th Cir. 1997), but in the D.C. Circuit this provision is jurisdictional and cannot be waived.  *See P & V Enters. v. U.S. Army Corps of Eng'rs,* 516 F.3d 1021, 1026-27 (D.C. Cir. 2008) (noting that the D.C. Circuit "has long held that section 2401(a) creates 'a jurisdictional condition attached to the government's waiver of sovereign immunity'"); *Conservation Force v. Salazar,* 811 F. Supp. 2d 18, 28 n.4 (D.D.C. 2011) (affirming that § 2401(a) is jurisdictional in light of recent Supreme Court precedent; *W. Va. Highlands Conservancy v. Johnson,* 540 F. Supp. 2d 125, 143 (D.D.C. 2008) (same).

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 2 -

enter a consent decree if it lacks subject matter jurisdiction over the underlying action"); *United States v. Patriot Coal Corp.*, 2009 WL 1210622 (S.D. W. Va. April 30, 2009) ("Irrespective of the parties' proposed amicable resolution of this action, it is incumbent upon the court to assure itself of subject matter jurisdiction.").[2]

Because courts may not enter consent decrees where jurisdiction over the underlying dispute is lacking, courts routinely address questions of subject matter jurisdiction before addressing whether a proposed consent decree is fair, reasonable, and in the public interest. *See WildEarth Guardians*, 2011 WL 4485964, at *5 ("The Court begins its analysis with determining whether it possesses subject-matter jurisdiction over this case.  Provided that the Court has subject-matter jurisdiction, the Court will turn to the question of whether the proposed [consent decree] is 'fair, reasonable and equitable and does not violate law or public policy.'"); *see also Env't'l Defense v. Leavitt*, 329 F. Supp. 2d 55 (D.D.C. 2004) (addressing subject matter jurisdiction prior to considering adequacy of consent decree); *Cronin v. Browner*, 898 F. Supp. 1052, 1057 (S.D.N.Y. 1995) (addressing proposed intervenors' arguments that the court lacked jurisdiction and so could not approve consent decree prior to addressing adequacy of the decree); *Sierra Club v. Browner*, 1994 WL 750290 (D.D.C. Sept. 20, 1994) (same).

FWS cited authority does not call into question this well-established rule.  In *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), the Supreme Court simply reiterated the

---

[2] AFRC argues that Audubon cannot raise a statute of limitations defense because intervenors allegedly can only address issues raised by a party.  AFRC Reply at 12-13.  AFRC bases this claim on the incorrect presumption that the statute of limitations in this case is an affirmative defense that may be waived, rather than a jurisdictional question.  *See Lake Tahoe Watercraft Recreation Ass'n v. Tahoe Regional Planning Agency*, 24 F. Supp. 2d 1062, 1068 (E.D. Cal. 1998) (holding that intervenors may not raise statute of limitations as an affirmative defense where defendants did not and where the defense lacked merit in any event because the statute of limitations would have been equitably tolled).  Here, the statute of limitations is a jurisdictional question, not an affirmative defense, and so may be raised at any time, including by the Court *sua sponte*.  *See supra* n.1 (explaining that § 2401(a) is jurisdictional in the D.C. Circuit).

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 3 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

longstanding rule that "the failure of a cause of action does not automatically produce a failure of jurisdiction." *Id.* at 91.  The language discussing whether a claim was not "'so insubstantial, implausible, … or otherwise completely devoid of merit as not to involve a federal controversy," applies to the question of when a cause of action is so patently untenable that the failure of the cause of action may be considered a jurisdictional question, rather than as part of a decision on the merits (as is typically appropriate). *Id.* at 89; *accord Bragg*, 248 F.3d at 299.  Nowhere did the Supreme Court assert that federal courts may approve consent decrees or take any other action in the absence of subject-matter jurisdiction. *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117 (D.C. Cir. 1983), is similarly inapposite. *See* FWS Reply at 3.  That case notes the established rule that parties may include in consent decrees relief that goes beyond what the court could order following a decision on the merits—a rule Audubon does not dispute.  Nothing in *Gorsuch* nor any other case suggests that courts may approve consent decrees where jurisdiction over the underlying dispute is lacking.

> B.     The Court Lacks Jurisdiction Over AFRC's Critical Habitat Claims.

Each of the claims that the consent decree purports to resolve is time-barred, as they all challenge substantive decisions made in 1996 and not since reopened. *See* Audubon Opp. at 4-10.  AFRC cannot escape the statute of limitations by characterizing its claims as challenges to more recent agency actions. *See, e.g., Venegas v. Wagner,* 704 F.2d 1144, 1146 n.1 (9th Cir. 1983) ("The statute of limitations cannot be avoided merely by artful pleading."); *Stumpf v. Albracht,* 982 F.2d 275 (8th Cir. 1992) ("If parties were permitted to circumvent the statute of limitations via artful pleading, the statute of limitations would serve no purpose.").

On its face, AFRC's fourth claim is a challenge to decisions made in 1996. *See* AFRC Compl. at ¶¶ 47-50 (alleging that FWS erred in 1996 by designating critical habitat that was not occupied at the time of listing).  Likewise, AFRC's sixth claim challenges substantive decisions

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 4 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

regarding the features of the 1996 critical habitat designation.  *See id.* at ¶¶ 56-60 (alleging that

FWS erred by designating critical habitat that does not contain features essential to conservation

of the species).  AFRC characterizes its Fifth and Seventh Claims as challenges to 2008 and

2011 decisions, *see* AFRC Reply at 7, but AFRC's own pleadings demonstrate that these too are

time-barred challenges to the 1996 designation.  AFRC's Fifth Claim challenges the economic

analysis that supports the 1996 designation, *see* AFRC Compl. at ¶¶ 51-55, and AFRC's Seventh

Claim challenges FWS's interpretation of the preamble to the 1996 rule, *see id.* at ¶¶ 61-67.

     AFRC also argues that the mere opportunity for comment is adequate to reopen a

longstanding agency decision.  *See* AFRC Reply at 18-19.  But this flies in the face of D.C.

Circuit case law—to the contrary, the D.C. Circuit has refused to find reopener simply on the

grounds that an agency requested comments on an existing rule.  *See P & V Enters.,* 516 F.3d at

1024 (no reopener despite agency's solicitation of comments); *NARPO v. Surface Transp. Bd.,*

158 F.3d 135, 145 (D.C. Cir. 1998) (same); *National Mining Ass'n v. U.S. Dep't of Interior,*

70  F.3d 1345, 1351 (D.C. Cir. 1995) (same).  AFRC has cited no case in which an agency's

decision to abandon a rulemaking, without substantively reconsidering and deciding to retain a

prior rule, was adequate to reopen that prior rule.  Rather, reopener is present when the entire

context of the rulemaking, including all relevant proposals and reactions of the agency,

demonstrates that the agency has actually reexamined its prior decision and reached a substantive

decision to retain the existing rule.  *See Biggerstaff v. FCC*, 511 F.3d 178, 184 (D.C. Cir. 2007)

("An agency's reconsideration of a rule in a new rulemaking constitutes a reopening when the

original rule is 'reinstated' so as to have renewed effect."); *see also NARPO,* 158 F.3d at 141;

*Public Citizen v. Nuclear Regulatory Comm'n,* 901 F.2d 147, 151 (D.C. Cir. 1990).  That did not

happen here: in 2008, FWS decided to abandon its rulemaking process due to uncertainty created

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 5 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

by revisions to relevant land management plans, and in 2011 FWS revised only specific elements
of the critical habitat rule and did not reopen the portions of the rule AFRC now seeks to
challenge.  *See* Audubon Opp. at 4-10.  Because FWS never actually reconsidered and
reaffirmed the 1996 rule, AFRC's challenge to the 1996 rule is time-barred.

II.     THIS COURT SHOULD NOT APPROVE FWS'S ATTEMPT TO USE A CONSENT
        DECREE AS COVER FOR AN ACTION IT OTHERWISE CANNOT TAKE.

        FWS does not disagree that, "in the normal course of its administration of the ESA,"
FWS Reply at 8, the agency could not vacate a critical habitat rule without notice and comment
and other procedures required by the Administrative Procedure Act and the Endangered Species
Act.  Instead, FWS asserts that summary vacatur of murrelet critical habitat will be lawful
because it will "not be an agency action."  *Id.*  Rather, approval of the consent decree that
vacates critical habitat would be a "judicial act as opposed to an act by the agency."  *Id.* at 6.
Audubon agrees, and this is precisely the problem.

        FWS and AFRC strenuously argue, as discussed above, that this Court need not and
should not investigate the jurisdictional basis for AFRC's critical habitat claims.  At the same
time, however, FWS seeks the Court's blessing on its decision to vacate critical habitat <u>because
the agency cannot take this action without a court order</u>.  In short, the parties have asked this
Court to blindly approve an action they cannot otherwise take.

        It is to prevent this sort of judicial white-wash that the U.S. Supreme Court has held that
"the parties may not agree to take action that conflicts with or violates the statute upon which the
complaint was based."  *Local No. 93,* 478 U.S. at 526.  This standard means that the Court must
ascertain for itself whether the actions in the consent decree are within the parties' power to take
without the consent decree and the Court's approval.  *See Perkins v. City of Chicago Heights,*
47 F.3d 212, 216 (7th Cir.1995) ("parties can only agree to that which they have the power to do

outside of litigation"). As a Colorado district court noted when approving a consent decree that set a timeline for dilatory agency action, "[t]he Proposed [consent decree] merely establishes a timetable by which the EPA must act. The Court finds that there is nothing in the Proposed [consent decree] that exceeds the bounds of what the EPA could do under the law." *WildEarth Guardians,* 2011 WL 4485964, at *8. Here, FWS agrees that it could not unilaterally vacate critical habitat, FWS Reply at 6, yet that is exactly the action it wishes the Court to approve.

The rule that courts cannot allow, through a consent decree, an agency action that would otherwise be unlawful fits with the recent case law concerning motions for voluntary remand. In *Nat'l Parks Conservation Ass'n v. Salazar,* 660 F. Supp. 2d 3 (D.D.C. 2009) and *Carpenters Industrial Council v. Salazar,* 734 F. Supp. 2d 126 (D.D.C. 2010), the district courts rejected requests for voluntary remand and vacatur precisely because the requests would allow the agency to repeal rules without notice and comment. In those cases, FWS presented the same argument—that vacatur without notice and comment would be valid because it would be blessed by the court. *See, e.g.,* Reply in Support of Defendants' Motion for Voluntary Remand, No. 08-1409-EGS, Dkt. 36 (D.D.C. Sept. 4, 2009) at 6.[3] That argument was rejected in those cases, and it should be rejected here. It makes no sense that the label affixed to the action—

---

[3] FWS notes that some of the intervenors here were also plaintiffs in *Carpenters Industrial Council* and joined the agency in its argument that courts can approve voluntary agreements to vacate critical habitat. FWS Reply at 7, n.2. This is true, but irrelevant, because the factual situations are so different. First, in *Carpenters,* FWS admitted that the challenged critical habitat rule (for northern spotted owls) was illegal; here it does not. Second, environmental plaintiffs in *Carpenters* urged the court to review the issue on the merits; here, the moving parties want no such substantive review. Third, and most importantly, Judge Sullivan <u>rejected</u> this argument and <u>refused</u> to vacate critical habitat. Intervenors here take that decision and its analysis to heart; they do not believe its reasoning can be short-circuited by changing the title of the motion.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

motion for voluntary remand versus motion for approval of consent decree—can make a substantive difference in the result.[4]

From a policy perspective, there is a fundamental public interest in the openness and transparency of actions of our federal government behind this requirement for voluntary remands to be first within the purview of the agency to take even without judicial approval.  This same public interest logically applies to consent decrees.  The consent decree here flies in the face of that interest, wiping away 16 years of protections without public notice or comment.  If the Court approves this decree, the first time most people hear about the possibility of elimination of murrelet critical habitat will be when its protections and safeguards are already gone.

In *Douglas Timber Operators v. Salazar,* 774 F. Supp. 2d 245 (D.D.C. 2011), this Court affirmed on summary judgment that an agency cannot unilaterally withdraw a rule without notice and comment.  Audubon agrees that the Administrative Procedure Act is not applicable to judicial acts.  If, on later motions for summary judgment, this Court were to rule for AFRC on its critical habitat claims, the Court could vacate critical habitat without notice and comment.  What FWS and AFRC want from this Court, however, is cover for their unilateral decision to vacate critical habitat without any substantive review of the claims and allegations.  FWS even argues that the Court should not engage in a vacatur analysis, FWS Reply at 11, though it is unclear how the Court could judge the fairness and reasonableness of the consent decree without looking at the consequences of vacatur.  As this Court recently noted, "[a]pproving a consent decree 'is a judicial act,' and the Court undertakes it with care."  *U.S. v. Wells Fargo Bank, NA,* 2012 WL

---

[4] In its opposition brief (at 12-13), Audubon addressed the two D.C. district court cases that approved consent decrees vacating critical habitat.  *See Home Builders Ass'ns of N. California v. Norton*, 293 F. Supp. 2d 1, 4 (D.D.C. 2002); *Nat'l Ass'n of Home Builders v. Evans*, 2002 WL 1205743, at *2 (D.D.C. Apr. 30, 2002).  While Audubon believes those cases are distinguishable for the reasons previously discussed, to be clear, Audubon also respectfully believes the results in those cases were incorrect.

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 8 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

4130513, *2 (D.D.C. Sept. 20, 2012).  With that care in mind, the Court should not approve the

requested consent decree.

## CONCLUSION

As this Court discussed in *Wells Fargo,* 2012 WL 4130513, at *1, in reviewing a consent

decree, a Court does not resolve the merits of the claims or controversy.  But heeding a standard

that avoids delving into the merits is not the same as turning a blind eye to the impacts of the

approval of the consent decree.  This consent decree, over which the Court's jurisdiction is

questionable at best, and which presents an action to the Court for approval that FWS cannot

take on its own, attempts to vacate a 16-year-old federal rule with no public process.  Approval

of the consent decree will deprive the marbled murrelet in Washington, Oregon, and California

of the habitat protections it needs to survive and recover for at least six years.  For the reasons

stated above and in Audubon's opposition, Audubon respectfully asks the Court to reject the

consent decree.

Respectfully submitted this 28th day of September, 2012.

<div style="margin-left:40%">

s/  Kristen L. Boyles
PATTI GOLDMAN (DCB# 398565)
KRISTEN L. BOYLES (WSB #23806)
AMANDA W. GOODIN (WSB #41312)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340 | Phone
(206) 343-1526 | Fax
pgoldman@earthjustice.org
kboyles@earthjustice.org
agoodin@earthjustice.org

*Attorneys for Defendant-Intervenors Audubon Society of Portland, Seattle Audubon Society, Center for Biological Diversity, Oregon Wild, Conservation Northwest, Environmental Protection Information Center, and Sierra Club*

</div>

DEFENDANT-INTERVENORS' SURREPLY IN
OPPOSITION TO CONSENT DECREE   - 9 -

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*